IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YOUSHITA ALIZADEH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:25-cv-2316-S-BN |
| | § | |
| KRISTI NOEM, in her capacity as | § | |
| Secretary of Department of Homeland | § | |
| Security, ET AL., | § | |
| | § | |
| Respondents. | § | |

## ORDER REQUIRING SERVICE AND SETTING BRIEFING SCHEDULE

Through counsel, Petitioner Youshita Alizadeh, detained at the Prairieland Detention Center, a facility in this district, filed on August 27, 2025 an emergency petition for writ of habeas corpus under 28 U.S.C. § 2241 that, in addition to requesting that the Court direct Respondents to immediately release him from custody under reasonable conditions of supervision, also requested that the Court immediately order Respondents not to transfer the Petitioner out of its jurisdiction while the he remains in Respondent's custody during the pendency of these proceedings. *See* Dkt. No. 1.

Petitioner simultaneously filed with the petition an emergency motion for temporary restraining order and/or preliminary injunction requesting that the Court immediately enjoin and restrain Respondents, their officers, agents, servants, employees, and all persons in active concert or participation with them, from continuing to detain Petitioner and from removing to any third country (i.e. any country that is not Iran) without providing Petitioner, his counsel, and the Court with

at least 72-hours' notice of its intent to do so. *See* Dkt. No. 2 (the "Emergency Motion").

The next day, United States District Judge Karen Gren Scholer ordered "that Respondents, or any officer, agent, servant, employee, attorney, or representative acting on behalf of Respondents, shall not take any further action or steps to deport or remove Petitioner from the United States to another country, territory, or foreign territory, to remove Petitioner from the Northern District of Texas, or to circumvent the provisions of this Order until the Court rules on the pending Emergency Motion and the underlying Petition." Dkt. No. 4.

Judge Scholer then directed Petitioner's counsel to notify the United States Attorney for the Northern District of Texas of this lawsuit and of her August 28 order and to file a notice explaining how counsel complied with providing notice. *See id.*

Notice was filed the next day. *See* Dkt. No. 5.

And this lawsuit remains referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Judge Scholer.

Even though it appears that the appropriate Assistant United States Attorney is aware of this proceeding, *see* Dkt. No. 5, service of process remains "fundamental to any procedural imposition on" a party expected to respond to a lawsuit and is therefore "the official trigger for responsive action by [such] an individual or entity," *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 353 (1999).

"[A] habeas corpus respondent is to be served only on order of the court." *E.g.*, *Schaub v. Knab*, No. 3:10-cv-233, 2010 WL 2541357, at *2 (S.D. Ohio June 18, 2010);

*cf. Hutton v. West Virginia*, No. 1:13CV186, 2014 WL 856489, at *6 (N.D. W. Va. Mar. 5, 2014) ("The initiation of a habeas petition is quite different from the filing of a traditional civil complaint." (cleaned up)).

And, so, the Court requests that the Clerk of Court electronically serve a copy of this order, together with a copy of the petition and its attachments, if any, on the United States Attorney for the Northern District of Texas.

That office must file, by **October 6, 2025**, an answer, motion, or other response to the petition and the Emergency Motion (the "Response").

And Petitioner may submit a reply brief to the Response within **30 days** from the date of service of the Response. Any reply filed must be limited to the arguments raised in the Response and shall not include any new allegations of fact or new grounds for relief.

SO ORDERED.

DATED: September 5, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE