IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

YOUSHITA ALIZADEH,                    §
                                      §
            Petitioner,               §
                                      §
V.                                    §          No. 3:25-cv-2316-S-BN
                                      §
KRISTI NOEM, in her capacity as       §
Secretary of Department of Homeland   §
Security, ET AL.,                     §
                                      §
            Respondents.              §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Through counsel, Petitioner Youshita Alizadeh, detained at the Prairieland
Detention Center, a facility in this district, filed an emergency petition for writ of
habeas corpus under 28 U.S.C. § 2241 that, in addition to requesting that the Court
direct Respondents to immediately release him from custody under reasonable
conditions of supervision, also requested that the Court immediately order
Respondents not to transfer the Petitioner out of its jurisdiction while he remains in
Respondent's custody during the pendency of these proceedings. *See* Dkt. No. 1.

Petitioner simultaneously filed with the petition an emergency motion for
temporary restraining order ("TRO") and/or preliminary injunction requesting that
the Court immediately enjoin and restrain Respondents, their officers, agents,
servants, employees, and all persons in active concert or participation with them,
from continuing to detain Petitioner and from removing to any third country (i.e. any
country that is not Iran) without providing Petitioner, his counsel, and the Court with

at least 72-hours' notice of its intent to do so. *See* Dkt. No. 2 (the "Emergency Motion").

The next day, August 28, 2025, United States District Judge Karen Gren Scholer ordered "that Respondents, or any officer, agent, servant, employee, attorney, or representative acting on behalf of Respondents, shall not take any further action or steps to deport or remove Petitioner from the United States to another country, territory, or foreign territory, to remove Petitioner from the Northern District of Texas, or to circumvent the provisions of this Order until the Court rules on the pending Emergency Motion and the underlying Petition." Dkt. No. 4.

Judge Scholer then directed Petitioner's counsel to notify the United States Attorney for the Northern District of Texas of this lawsuit and of her August 28 order and to file a notice explaining how counsel complied with providing notice. *See id.*

Notice was filed the next day. *See* Dkt. No. 5.

This lawsuit remains referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Judge Scholer.

And the parties have filed briefing as directed by the Court. *See* Dkt. Nos. 6 & 8-10.

The undersigned now enters these findings of fact, conclusions of law, and recommendation insofar as the Emergency Motion remains pending and recommends that, to the extent that that motion seeks ultimate relief not provided by Judge Scholer's August 28 order, it should be denied.

As "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (cleaned up).

But granting a preliminary injunction "is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citing *Allied Mktg. Grp., Inc. v. C.D.L. Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989))

And, so, to obtain preliminary injunctive relief, a movant must unequivocally "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (cleaned up); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

And the United States Court of Appeals for the Fifth Circuit "has repeatedly cautioned that [such relief] should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (cleaned up).

"The purpose of a preliminary injunction is always to prevent irreparable

injury so as to preserve the court's ability to render a meaningful decision on the merits." *Canal Auth.*, 489 F.2d at 576 (cleaned up).

So the decision on a motion seeking a TRO or preliminary injunction does "not amount to a ruling on the merits" of a plaintiff's claims, *Jonibach Mgmt. Trust v. Wartburg Enters., Inc.*, 750 F.3d 486, 491 (5th Cir. 2014), considering that "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits" and "may be challenged at a later stage of the proceedings," *id.* (cleaned up).

In short, a TRO or preliminary injunction is not a device "to give a plaintiff the ultimate relief he seeks" through his claims. *Peters v. Davis*, No. 6:17CV595, 2018 WL 11463602, at 2 (E.D. Tex. Mar. 28, 2018); *accord Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023) ("This Court has repeatedly recognized that the purpose of injunctive relief is to preserve the status quo; it is not to give the movant the ultimate relief he seeks."); *Kane v. De Blasio*, 19 F.4th 152, 163 (2d Cir. 2021) ("The purpose of a preliminary injunction is not to award the movant the ultimate relief sought in the suit but is only to preserve the status quo by preventing during the pendency of the suit the occurrence of that irreparable sort of harm which the movant fears will occur." (cleaned up)). And, so, a motion or application for a TRO or preliminary injunction is properly denied when it is no more than a "motion to win."

Here, the arguments supporting the Emergency Motion focus on the harms

- 4 -

alleged in the underlying petition. So Petitioner appears to seek the same or similar relief through a habeas petition and a motion for preliminary injunctive relief. And, insofar as Petitioner seeks the same ruling on the merits of the Emergency Motion as the habeas petition, the undersigned finds that the Emergency Motion improperly seeks ultimate relief and should be denied for that reason.

## Recommendation

The Court should deny Petitioner Youshita Alizadeh's emergency motion for a temporary restraining order and/or a preliminary injunction [Dkt. No. 2] to the extent that it seeks relief not already granted by the Court through the order entered on August 28, 2025 [Dkt. No. 4].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. ' 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judges' findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: January 7, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE